McKenna, Circuit Judge,
(orally.) I am constrained to render judgment for plaintiff. The action is for the infringement of the Schillinger patent for artificial stone pavements. It has been interpreted so often as to leave nothing new to be decided or announced about it, and it has been extended and indulged very far. In Hurlbut v. Schillinger, 130 U. S. 456-465, 9 Sup. Ct. Rep. 584, the supreme court say:
“The invention consists in dividing the pavement into blocks, so that one block can be removed and repaired without injury to the rest of the pavement; the division being effected by either a permanent or temporary interposition of something between the blocks.”
A pavement laid in two layers, a bottom one of coarse cement and a top one of fine cement, and the division of the upper one, while plastic, by a trowel or other cutting instrument, on a line coincident with the line between the sections in the lower layer, so as control the cracking, and induce it to follow the joints of the divisions, rather than the body of the block, “accomplishes the substantial result of Schillinger’s invention in substantially the way devised by him, and is within the patent as it stands after the disclaimer.” 130 U. S. 465, 9 Sup. Ct. Rep. 584. The defendant’s pavement was so laid. The marking it on the sections formed by the scantling joints, so called, produces this result, hence must be held an infringement. The markings into blocks within such sections do not do this, hence are no infringement.
It is urged that in Paving Co. v. Schalicke, 119 U. S. 401, 7 Sup. Ct. Rep. 391, it was held that marking the upper course with a cutting instrument to the depth of about one sixteenth of an inch, for ornamental purposes, was not an infringement, and it is further urged that the testimony in the case at bar shows the marking only to have been done for ornamental purposes. But in Paving Co. v. Schalicke, the court say that it was not shown that the marking in that ease produced any such division in blocks as the patent speaks of, even in degree:
*299 “There were no blocks produced, and of course there was nothing interposed between the blocks. * * * The marking was only for ornamentation, and produced no free points between the blocks, and the evidence as to the condition of the defendants’ pavements after they were laid shows that they did not have the characteristic features above mentioned as belonging to the patented pavement. ”
In the case at bar the defendants’ pavements have the characteristic features belonging to the patented pavement. Its object was attained. To clear up what was doubtful in the oral testimony, I inspected the pavement. The cut in the upper layer was directly over the line of the two sections formed by the scantling joints, and the cracking followed the cut, and not the body of the section. A section was selected by counsel for plaintiff and defendants, to see if one section could be removed without injury to the other; that is, would come up separately. The trial was successful. The sections easily separated on the line of the crack between them. All the objects of the patent, as interpreted by the decisions, supra, were shown to be attained.
It is further claimed by defendants that marking on the line of the scantling joints is not marking into blocks, within the meaning of the patent. In Paving Co. v. Schalicke, supra, the defendants laid their pavement in strips from the curb of the sidewalk inward to the fence in one mass, and then marked the strip crosswise with a blunt marker to the depth of about one sixteenth of an inch, and it was held no infringement. It does not appear from the opinion how wide the “strips” were, but in Hurlbut v. Schulinger the sections were 7 or 8 feet by 4 feet. These were held to be blocks, within the meaning of the patent. In the case at bar the sections are 6 by 10, some 6 by 11 feet; but from the appearance of the pavement some were smaller,—maybe 3 by 6. These sections, by virtue of the authority of Hurlbut v. Schulinger, must therefore be held to be within the definitions of the patent.
It may also be observed that the defendant Perine could have marked his pavement for ornamental purposes, and have avoided coincidence with the line between the sections. He did not avoid this coincidence, but selected it, and attained thereby the objects of the patent, and he must be held to have infringed it. The defendants laid-feet of pavement, and it is agreed that the charge therefor shall be 4 cents per foot, amounting to $-. Let judgment be entered accordingly.